UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEILA BROCK,

    Plaintiff,

v.                                       CASE No. 8:09-CV-803-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

The plaintiff in this case seeks judicial review of the decision denying her claim for Social Security disability benefits.[1] Because the plaintiff's cursory memorandum fails to show that the decision of the Commissioner of Social Security is not supported by substantial evidence or contains reversible error, the decision shall be affirmed.

### I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a high school education, has worked as an office worker, cashier, caretaker, and certified nursing assistant (Tr. 64,

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

414, 415). She filed a claim for Social Security disability benefits, alleging that she became disabled due to myofascial dysfunction, colitis, high blood pressure, GERD, and hiatal hernia (Tr. 56). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "fibromyalgia, affective mood disorder, ulcerative colitis, chronic pain syndrome, high blood pressure, gastroesophageal reflux disease, hernia, carpal tunnel syndrome, and anxiety" (Tr. 17). The law judge concluded that these impairments restricted the plaintiff to performing light work (id.). The law judge determined further that these restrictions did not prevent the plaintiff from returning to past work as an office assistant and cashier (Tr. 21). The law judge therefore decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

A scheduling Order was entered in this case which directed the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged," and to support such discrete challenges "by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 16, p. 2). The plaintiff's memorandum, which is less than five pages, does not satisfy these requirements.

In the first place, the memorandum does not identify with particularity any specific challenge. Thus, it contains no statement of issues at all. While it is a reasonable guess that the plaintiff is complaining about the law judge's credibility determination, the scheduling Order was intended to eliminate such guesswork. Any other contentions are deemed abandoned.

Furthermore, except for a single reference to a Social Security Ruling (Doc. 18, p. 4), which indicates that the law judge has to give specific reasons for a credibility determination, the plaintiff has not cited any legal authority. In particular, the plaintiff has not even referred to the Eleventh Circuit's standard for evaluating subjective complaints.

While the plaintiff does cite to some evidence in the record, these citations are limited. Moreover, they include citations to evidence which was first submitted to the Appeals Council, evidence which is not properly considered in evaluating the law judge's decision.²

In sum, the plaintiff has failed to comply with the requirements of the scheduling Order. Consequently, the plaintiff has failed to develop a cogent argument. Particularly since the plaintiff is represented by counsel, this court has no obligation to develop one for her. The plaintiff's failure to follow the requirements of the scheduling Order therefore warrants affirmance of the administrative decision.

In any event, even if the various pieces of an argument that the plaintiff has set forth are considered, the decision should be affirmed. As indicated, the only contention that is reasonably contained in the plaintiff's memorandum is a challenge to the law judge's credibility determination. The

---

²Evidence submitted first to the Appeals Council is considered in accordance with Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007). The plaintiff has neither cited Ingram nor developed any argument based on its principles. Nevertheless, it is appropriate to note that the additional records from Dr. M. Allam Reheem, the plaintiff's treating pain management doctor, negate the plaintiff's claim of total disability, since they contain such comments as back and neck pain "well controlled on current meds," "quite active," and "functional overall" (see, e.g., Tr. 383).

plaintiff has articulated nothing that would justify overturning that determination.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge in this case recognized the need to articulate a credibility determination and referred to the regulations and Social Security

Rulings governing such determinations (Tr. 18), thereby demonstrating that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Furthermore, unlike the plaintiff, he essentially set forth the controlling principles (Tr. 18).

The law judge then evaluated the medical evidence and set forth his reasons for discounting, to some extent, the plaintiff's subjective allegations (Tr. 19-21). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff has severe impairments that restrict her to light work (Tr. 17). The law judge rejected only the allegations of total disability.

Moreover, the law judge explained his credibility determination as follows (Tr. 20):

> The record reveals that the claimant's examination dated October 13, 2004 revealed that the claimant's straight leg raise [w]as negative and her gait was unaided. Dr. Patel noted further that the claimant was not in acute distress and was comfortable (Exhibit B7F). Further, the claimant's cased [sic] development sheet indicated that she watched television, reads. It was noted further that the claimant had not received any mental health treatment. Additionally, the claimant's husband indicated that the claimant could dress herself and watched cooking shows on television. She stated

that she performed light housework (Exhibit B1F). X-rays of the claimant's cervical and thoracic spine revealed no evidence of a fracture or spondylisthesis [sic]. He [sic] disc spaces were well maintained (Exhibit B1F). It was noted as well that the claimant's examination dated May 19, 2004 documented no complaints of neuropathic symptoms and there was no muscle atrophy or abnormal muscular movements (Exhibit B3F). Moreover, with regard to her abdominal complaints, the claimant's examination dated October 13, 2004 documented that she had no abdominal pain, but only experienced diarrhea at times (Exhibit B7F). It should be noted as well that the claimant's examination dated December 22, 2005 also documented that the claimant's back and neck pain were reasonably well controlled with her current medications and that she was fairly active (Exhibit B17F). The undersigned notes that the claimant has experienced some pain and discomfort, but such has not been proven to be of disabling proportions as evidenced by the medical record and the claimant's activities of daily living. Hence, the undersigned concludes that the claimant's testimony is not fully credible.

This finding is reasonable, supported by substantial evidence, and adequate to discount the plaintiff's subjective complaints. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 698-99 (11th Cir. 2006)(unpub. dec.).

The plaintiff quibbles with some of the comments made by the law judge in his credibility determination. Those quibbles are generally unpersuasive, and clearly do not demonstrate that the evidence compels a contrary conclusion. See Adefemi v. Ashcroft, supra.

The plaintiff suggests that she was credible because Dr. Navnit U. Patel did not question her credibility (Doc. 18, p. 2). There is nothing remarkable about that since Dr. Patel was not assigned the task of making a credibility determination, which is an issue reserved to the law judge. Norris v. Heckler, 760 F.2d 1154, 1157 (11th Cir. 1985). Furthermore, Dr. Patel is a one-time examining physician so that he ordinarily would not be in a position to assess the plaintiff's credibility. In all events, the law judge considered that Dr. Patel's findings supported his credibility determination, stating (Tr. 20):

> The record reveals that the claimant's examination dated October 13, 2004 [by Dr. Patel] revealed that the claimant's straight leg raise [w]as negative and her gait was unaided. Dr. Patel noted further that the claimant was not in acute distress and was comfortable (Exhibit B7F).

In a related contention, the plaintiff tries to make something out of the use of the word "acute" (Doc. 18, p. 3). This semantic argument

highlights the weakness of the plaintiff's challenge to the credibility determination. Dr. Patel not only said that she was "not in any acute distress," but also that she "was comfortable" (Tr. 196).

The plaintiff also tries to get some mileage out of the notes of Dr. Reheem, the plaintiff's treating pain management physician. Notably, the law judge assigned substantial weight to the assessment of Dr. Reheem "who noted that the claimant was [sic] had no focal deficits and her sensory examination was intact" (Tr. 21). Furthermore, as the law judge pointed out, Dr. Reheem observed that the plaintiff's neck and back pain was reasonably well controlled with her medications (Tr. 20). Dr. Reheem also indicated that the plaintiff is functional (Tr. 372) and "fairly active" (Tr. 367; see also n. 2, supra). Therefore, Dr. Reheem's notes support the law judge's determination that "the claimant has experienced some pain and discomfort, but such has not been proven to be of disabling proportions" (Tr. 20).

In the Commissioner's view, the "[p]laintiff suggests that the fact her physicians prescribed medication counters the ALJ's credibility assessment" (Doc. 19, p. 9). However, a plaintiff is not deemed disabled simply because she is taking prescription medication. Moreover, the law

judge recognized the plaintiff was taking such medication (Tr. 20, 21). However, he found not only that the plaintiff's neck and back pain was reasonably controlled with medications, but that other conditions were also controlled by medications (Tr. 21).

In sum, the law judge's credibility determination is reasonable and supported by substantial evidence. Clearly, the evidence does not compel the contrary conclusion that the plaintiff's testimony was entirely credible.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 7th day of April, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE